SUMMONS ISSUED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Civil Action No.:- 2613

| | |
|---|---|
| TODD C. BANK, | |
| *Plaintiff,* | **COMPLAINT** |
| -against- | |
| ASSET ACCEPTANCE CAPITAL CORPORATION, | |
| *Defendant.* | |

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAY 3 1 2011 ★

BROOKLYN OFFICE

GLEESON, J.
CARTER, M.J.

### INTRODUCTION

1.    This action arises under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). Plaintiff seeks statutory damages, attorney's fees, and costs.

### JURISDICTION AND VENUE

2.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2).

### PARTIES

4.    Plaintiff, Todd C. Bank ("Bank"), is, and was at all relevant times herein, a resident of this District.

5.    Defendant, Asset Acceptance Capital Corporation ("Asset Acceptance"), is, and was at all relevant times herein, a corporation organized and existing under the laws of Delaware, and maintains its principal executive office at 28405 Van Dyke Avenue, Warren, MI 48093.

### FACTS

6.    Asset Acceptance is, and was at all relevant times herein, a "debt collector" as that term is defined in 15 U.S.C. § 1692a(6).

7.    On or about April 26, 2011, Asset Acceptance placed a telephone call to Bank.

8.      Although Bank's answering device was operational, Asset Acceptance did not leave a message.

9.      On or about April 27, 2011, Asset Acceptance placed a telephone call to Bank.

10.     When Bank answered his telephone, a person who identified herself as "Kelly Bell" asked for a person unknown to Plaintiff.

11.     Each of Asset Acceptance's calls to Bank concerned a "debt" as defined by 15 U.S.C. § 1692a(5).

12.     In each of Asset Acceptance's calls, Caller ID information appeared on Plaintiff's telephone with the name "Asset Acceptance" and the telephone number 757-209-2019.

13.     Each call that Asset Acceptance made to Bank constituted a "communication" as defined by 15 U.S.C. 1692a(2).

14.     Each of Asset Acceptance's calls were made in connection with the collection of a debt.

15.     Asset Acceptance had called the wrong number in each of he aforementioned instances.

16.     No one had given prior consent directly to Asset Acceptance to communicate with Bank.

17.     Asset Acceptance had not obtained, from a court of competent jurisdiction, the express permission to call Bank.

18.     Upon information and belief, Asset Acceptance's calls to Bank were not reasonably necessary to effectuate a post-judgment judicial remedy.

19.     At no time did Asset Acceptance represent that it was confirming or correcting location information concerning a consumer.

20.     Asset Acceptance never provided meaningful disclosure of Asset Acceptance's identity.

21.     Asset Acceptance never stated that Asset Acceptance was attempting to collect a debt and that any information obtained would be used for that purpose.

22.     Asset Acceptance never stated that Asset Acceptance is a debt collector.

23.     To the least sophisticated consumer, the natural consequence of the receipt of Asset Acceptance's calls would have been to feel harassed, oppressed, or abused.

## COUNT I

## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692c(b)

24.     Bank repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

25.     Each of Asset Acceptance's calls violated 15 U.S.C. § 1692c(b).

26.     As a result of the foregoing, Bank is entitled to damages as provided by 15 U.S.C. § 1692k(a).

## COUNT II

## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692d

27.     Bank repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

28.     Each of Asset Acceptance's telephone calls to Bank violated 15 U.S.C. § 1692d.

29.     As a result of the foregoing, Bank is entitled to damages as provided by 15 U.S.C. § 1692k(a).

## COUNT III

30.     Bank repeats and realleges each and every allegation contained in the preceding

paragraphs as if fully set forth herein.

31.     Each of Asset Acceptance's calls violated 15 U.S.C. § 1692d(6).

32.     As a result of the foregoing, Bank is entitled to damages as provided by 15 U.S.C.
§ 1692k(a).

## COUNT IV

## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692e(11)

33.     Bank repeats and realleges each and every allegation contained in the preceding
paragraphs as if fully set forth herein.

34.     Each of Asset Acceptance's calls violated 15 U.S.C. § 1692e(11).

35.     As a result of the foregoing, Bank is entitled to damages as provided by 15 U.S.C.
§ 1692k(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

(a)     Damages, pursuant to 15 U.S.C. § 1692k(a), in the amount of $1,000.00; and

(b)     Costs, disbursements, and reasonable attorney's fees, and such other and further

relief as this Court deems just and proper.

Dated:  May 25, 2011

Yours, etc.,

ALBERT RUDGAYZER
305 Broadway
Suite 501
New York, New York 10007
(212) 260-5650
AR-4335

Counsel to Plaintiff